DISTRICT OF OREGON, ss:    AFFIDAVIT OF CHANCE CUMMINGS

**Affidavit in Support of a Criminal Complaint and Arrest Warrant**

I, Chance Cummings, being duly sworn, do hereby depose and state as follows:

### Introduction and Agent Background

1.  I am an "investigative or law enforcement officer of the United States" within the meaning of Title 18, United States Code, Section 2510 (7). I am currently employed as a Special Agent with the Drug Enforcement Administration, United States Department of Justice, and have been so employed since August 2024. In that capacity, I investigate violations of the Controlled Substances Act, Title 21, United States Code, Section 801, et. Seq. In December 2024, I was assigned to the Bend, Oregon Post of Duty. I have completed sixteen (16) weeks of DEA Basic Agent Training at the Justice Training Center in Quantico, Virginia. I am familiar with investigations of drug trafficking organizations, methods of importation and distribution of controlled substances, and related financial investigations. I have assisted on multiple investigations involving organizations trafficking controlled substances to include cocaine, methamphetamine, and fentanyl. As part of my training and experience, I have participated in controlled purchases of controlled substances and have been a participant in one active Organized Crime Drug Enforcement Task Force (OCDETF) investigation. I assist in surveillance activities, including GPS tracker installs, have authored multiple federal search warrants and Complaints, and frequently collaborate with both local and task force controlled substance teams.

2.  I submit this affidavit in support of a criminal Complaint and arrest warrant for Theodore Ernest JOKINEN, white male, date of birth XX/XX/1977 (hereinafter "JOKINEN"), for possession with intent to distribute the controlled substance methamphetamine, in violation of Title 21, United States Code, Section 841(a)(1)/(b)(1)(A)(viii).

## Applicable Law

3.      Title 21, United States Code, Section 841(a)(1) provides that it shall be unlawful for any person to knowingly or intentionally manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense a controlled substance.  Section 841(b)(1)(A)(viii) establishes the penalty for violations of Section 841(a)(1) in the context of large quantities of substances containing a detectable amount methamphetamine (specifically, over 500 grams of a mixture containing a detectible amount of methamphetamine).

## Statement of Probable Cause

4.      In July of 2025, detectives with the Central Oregon Drug Enforcement (CODE) Team began receiving information about Theodore JOKINEN's involvement in the possession and distribution of suspected methamphetamine in the Central Oregon area.  On August 27, 2025, based upon information that JOKINEN was involved in the distribution of controlled substances in Central Oregon, a State of Oregon Pen Register Trap and Trace with Geolocation search warrant for JOKINEN's phone 541-408-5581 (authored by CODE Detective Jordan Friese) was signed by the Honorable Jefferson County Circuit Court Judge Wade Whiting.  Once the warrant was signed, CODE Detectives began actively monitoring JOKINEN's phone data.

5.      On September 19, 2025, at approximately 7:56 a.m., I was advised by CODE Detective Barry Wilson that JOKINEN's cellular phone was moving northbound on US Highway 97 and that at approximately 8:05 a.m., JOKINEN's cellular phone was north of Shaniko, Oregon.  JOKINEN's cellular phone traveled into Washington State, eventually stopping in Yakima, Washington.  A short time later, JOKINEN's cellular phone began traveling southbound on US Highway 97, entered back into Oregon, and traveled westbound on Interstate 84.  A traffic stop was conducted on JOKINEN's Dodge R15 bearing Oregon license plate 808QKW

(registered to Ryan JOKINEN) on Interstate 84 near Milepost 85 in The Dalles, Oregon. Theodore JOKINEN was identified as the driver and sole occupant prior to the stop. This stop was performed by the Dalles Police Department and was based on the traffic infraction of speeding.

6. CODE Detective Wilson deployed his certified drug detection K9, Keira, for a free-air sniff of the Dodge based on reasonable suspicion that JOKINEN was in possession of a criminal quantity of controlled substances. According to Detective Wilson, Keira alerted on the driver side door area of the Dodge. K9 Keira and Detective Wilson are currently certified through the Oregon Police Canine Association as a drug detection team on the odors of methamphetamine, cocaine, heroin, and fentanyl. A subsequent State of Oregon Search Warrant, authored by Detective Wilson, was signed by the Honorable Wasco County Circuit Court Judge John Wolf at approximately 4:17 p.m.

7. A subsequent search of JOKINEN's Dodge revealed approximately ten pounds of suspected methamphetamine inside a backpack located inside the passenger compartment. This suspected methamphetamine tested presumptive positive for methamphetamine by CODE Detective Jeff Pope (whom is also a DEA TFO) as witnessed by me. Based on my training and experience in narcotics enforcement, this quantity is not consistent with personal use and is indicative of future distribution. A photo of the seized methamphetamine is incorporated below.



### Conclusion

8.     Based on the foregoing, I have probable cause to believe, and I do believe, that Theodore Ernest JOKINEN committed the crime of possession with intent to distribute the controlled substance methamphetamine, in violation of Title 21, United States Code, Section 841(a)(1)/(b)(1)(A)(viii).  I therefore request that the Court issue a criminal Complaint and arrest warrant for JOKINEN.

9.     Prior to being submitted to the Court, this affidavit, the accompanying Complaint and the arrest warrant were all reviewed by Special Assistant United States Attorney (SAUSA) Andrew R. Doyle, and SAUSA Doyle advised me that, in his opinion, the affidavit and Complaint are legally and factually sufficient to establish probable cause to support the issuance of the requested criminal Complaint and arrest warrant.

**Affidavit of Special Agent Chance Cummings**                                                                                          **Page 4**

## Request for Sealing

10. It is respectfully requested that the Court issue an order sealing, until further order of the Court, all papers submitted in support of the requested criminal Complaint and arrest warrant. I believe that sealing these documents is necessary because the information to be seized is relevant to an ongoing investigation, and any disclosure of the information at this time may endanger the life or physical safety of an individual, cause flight from prosecution, cause destruction of or tampering with evidence, cause intimidation of potential witnesses, or otherwise seriously jeopardize an investigation. Premature disclosure of the affidavit, the criminal complaint, and the arrest warrant may adversely affect the integrity of the investigation.

*By phone pursuant to Fed. R. Crim. P. 4.1*
CHANCE CUMMINGS
Special Agent
Drug Enforcement Administration

Sworn in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone at __11:56 a.m.__ a.m./p.m. on September __23__, 2025

_____
HONORABLE AMY E. POTTER
United States Magistrate Judge